AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Brian Williams and Glenn Fowler*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATHAN WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN E. WILLIAMS, SR., *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-01363-APG-NJK<br><br>**UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE BY FORTY-FIVE DAYS FROM<br>AUGUST 26, 2021, TO<br>OCTOBER 10, 2021<br>(FIRST REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)**[1] |

Defendants, Brian Williams and Glenn Fowler, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Deputy Attorney General of the State of Nevada, Office of the Attorney General, hereby move to extend the dispositive motions deadline by forty-five days to October 10, 2021.[2]

On August 23, 2021, counsel for Defendants, Attorney Smith, contacted counsel for Plaintiff Nathan Williams—Attorney McKissick—and outlined the reasons why

---

[1] The parties have previously stipulated to extend scheduling deadlines, the last time being on May 7, 2021 (ECF No. 41) (fourth request—one must take into account that several of those stipulations were rejected for failing to comply with the Local Rules). This is the first time that Defendants have moved solely to extend the dispositive motions deadline (and not to extend the discovery deadline as well).

[2] October 10, 2021 is a Sunday, and the following Monday is Columbus Day, a federal holiday, so dispositive motions will be due on October 12, 2021.

Defendants need at least an additional forty-five days to extend the dispositive motions deadline. Attorney McKissick graciously stated that because of the reasons proffered by Defendants, Williams will not oppose this motion. For the reasons stated by Defendants to Attorney McKissick on Monday and as outlined below, Defendants move to extend the dispositive motions deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LAW AND ARGUMENT

#### A. Rule 6(b), Federal Rules Of Civil Procedure.

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

#### B. Local Rules IA 6-1 And 26-3.

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

///

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists, Thus An Order Should Grant Defendants' Motion For An Extension Of The Dispositive Motions Deadline

Here, good cause exists for extending the dispositive motions deadline by forty-five days. Defendants intend to move for summary judgment and raise important legal arguments such as whether Williams exhausted his administrative remedies and whether qualified immunity bars the claims against Defendants. Also, Defendants will argue that there exists no genuine dispute as to any material fact on any of Williams's claims. Defendants continue to assert that no constitutional violations occurred, thus Defendants are entitled to judgment as a matter of law. By extending the deadline by forty-five days, Williams is under no danger of prejudice; the delay is short, and Williams and his counsel also benefit from an extended period in which to draft and finalize a motion for summary judgment, assuming that is Williams's intention.

Counsel for the defense, Attorney Smith, who currently represents the interests of several hundred defendants in approximately fifty cases is currently admitted to the Nevada Bar under SCR 49.1(1)(f) on a limited practice certification for the sole purpose of representing the Nevada Attorney General in all Nevada State and Federal Courts. In December 2020, the Nevada Bar's Functional Equivalency Committee evaluated Attorney Smith's English legal qualifications (various law degrees and admission to the Bar of England and Wales and to the New York Bar in 2016, as well as multiple federal clerkships and a three-and-a-half-year stint as visiting scholar at Berkeley Law) and cleared Attorney Smith to take the July 2021 Nevada Bar. Attorney Smith is required take the exam to convert his temporary license into a full license.

Attorney Smith took almost three-weeks off from work in July solely to study for the Bar examination. After just one day off work following the end of the examination, he returned to the office and has spent the last three weeks catching up. In the first week alone he billed[3] fifty-eight hours, over seventy in the second week, over fifty in the third week, and is on course to bill 250 hours this month. Because Attorney Smith is developing a particular expertise in the Federal Rules of Civil Procedure, particularly Rules 41 and 60 as of late, he has taken on additional cases from other attorneys in the office, and many of them have required extensive research on jurisdiction, enforcing a settlement agreement, relief from a final judgment or order, preclusion and involuntary dismissals, and the like. Several of these require briefing in excess of twenty-pages. This is in addition to Attorney Smith having several other dispositive motions deadlines fast approaching in September. Also, given Attorney Smith's clerking and extensive academic background, he is taking more of a role in helping train newer attorneys on the complexities of constitutional law and both Federal and State civil procedure and is compiling resources and memorandums for the office that cover various problems in select areas that occur with increasing frequency in this district. Percentage wise, this court has a much higher inmate litigant caseload than many other districts and it is in the interests of both the court and the Attorney General's Office that this number is reduced. Attorney Smith has been actively researching legal strategies and potential arguments that can be employed to try and reduce that burden slightly. Thus, in addition to having a high caseload, his office responsibilities have increased.

    Also compounding difficulties is the fact that the Public Safety Division of the Attorney General's Office has transitioned to a "teams" model, meaning that instead of each Deputy Attorney General (DAG) having primary responsibility for his or her own cases, each DAG is organized into a specific team and has additional tasks assigned. Thus, Attorney Smith and others have had to familiarize themselves with many new cases and

---

[3] Although Attorney Smith works for the public sector, all attorneys at the office are expected to "bill," (a.k.a. enter) their hours into ProLaw.

attend hearings at short notice, which involves last-minute preparation. Finally, the team in which Attorney Smith in placed has recently lost an attorney, as has another team, therefore the workload keeps increasing. Attorney Smith therefore respectfully asks this court to extend the dispositive motions deadline so that he can focus his attention on Williams's action and give it the attention that every lawsuit rightly deserves.

Both Plaintiff and Defendants continue to diligently prosecute and defend this action, respectively, and believe it is in the interests of justice that this stipulation is granted.  Attorney Smith works on behalf of the State and therefore has no control over his caseload, particularly at this time of workplace transition. Both the court and the Attorney General's Office work to see that justice is done, and justice demands that in the event of a situation like this, the deadline be extended. Secondly, Attorney McKissick and his firm represent Williams *pro bono*, for which they must be commended, and Attorney Smith thanks them for their co-operation.

In sum, for the reasons stated above and because no rushed work product is good work product, Attorney Smith needs additional time in order to adequately brief the court for summary judgment in this action.

### D. The Four Factors Contained Within LR 26-3 Are Satisfied[4]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. Defendants have completed discovery in this action, and no further discovery is needed. The reasons why Defendants are unable to adhere to

---

[4] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, but because this motion seeks to extend a deadline—established by a May 7, 2021 stipulation/order to re-open discovery for the limited purpose of allowing Williams further (limited) discovery and to extend the dispositive motions deadline—out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

the dispositive motions deadline are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No discovery remains, but Defendants move to amend the May 7, 2021 stipulation/order (ECF No. 41) to extend by forty-five days the August 26, 2021 dispositive motions deadline.

### E.     Meet And Confer

As mentioned above, on August 23, 2021, Attorney Smith contacted Attorney McKissick and outlined the reasons why Defendants need at least an additional forty-five days to extend the dispositive motions deadline. Attorney McKissick stated that Williams will not oppose this motion.

## II.    CONCLUSION

Defendants demonstrate good cause to extend the dispositive motions deadline to October 12, 2021. Williams does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, Defendants respectfully move for an extension of time to file a motion for summary judgment and request that the due date be extended from **August 26, 2021**, to **October 12, 2021**.

DATED this 26th day of August, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

ORDER     **NO FURTHER EXTENSIONS WILL BE GRANTED**

IT IS SO ORDERED.

DATED August 27, 2021

_____
UNITED STATES MAGISTRATE JUDGE