AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants
Brian Williams and Glenn Fowler*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN E. WILLIAMS, SR., *et al.*,<br><br>Defendants. | Case No. 2:18-cv-01363-APG-NJK<br><br>**UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE BY ANOTHER FORTY-FIVE DAYS**<br><br>**(SECOND REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)**[1] |

Defendants, Brian Williams and Glenn Fowler, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Deputy Attorney General (DAG) of the State of Nevada, Office of the Attorney General, hereby move to extend the dispositive motions deadline only a second time from today until the Monday after the Thanksgiving holiday weekend.[2]

---

[1] The parties have previously stipulated to extend scheduling deadlines, the last time being on May 7, 2021 (ECF No. 41) (fourth request—one must take into account that several of those stipulations were rejected for failing to comply with the Local Rules). This is the second time that Defendants have moved solely to extend the dispositive motions deadline (and not to extend the discovery deadline as well).

[2] Forty-five days from the dispositive motions deadline, today, October 12, 2021, is November 26, 2021—the day after Thanksgiving, which is a Nevada State holiday—so Defendants request that the court permit the submission of dispositive motions no later than the following Monday: November 29th, 2021.

On October 6, 2021, counsel for Defendants, Attorney Smith, contacted counsel for Plaintiff Nathan Williams—Attorney McKissick—and outlined the reasons why Defendants need at least a second additional extension of forty-five days to extend the dispositive motions deadline. Attorney McKissick graciously stated that because of the reasons proffered by Defendants, Williams will not oppose this motion. Her Honor Magistrate Judge Koppe granted the extension (ECF No. 45) and stated in bold that "no further extensions will be granted." However, Defendants respectfully (1) assert that the change in circumstances at the Office of the Attorney General (OAG) over the last one to two months necessitate a further extension of time in this (and in a number of other cases) because of a unique set of unexpected circumstances all coalescing into what one can only describe as a perfect storm of events and (2) hope that the court will understand and liberally construe Rule 6, Federal Rules of Civil Procedure, in this instance and accept that special circumstances warrant Her Honor's reconsidering her decision not to allow a further extension of time.

Therefore, for the reasons stated by Defendants to Attorney McKissick at their most recent meet-and-confer and as outlined below, Defendants move to extend the dispositive motions deadline only for a second time.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  LAW AND ARGUMENT**

**A.  Rule 6(b), Federal Rules of Civil Procedure.**

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases

are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") An action should be decided on its merits and not on a technicality. *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y 2014) and observing that there is a strong preference for resolving disputes on the merits). *See generally* 1 *Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

### B. Local Rules IA 6-1 and 26-3.

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension. Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists, Thus an Order Should Grant Defendants' Motion for an Extension of the Dispositive Motions Deadline

Here, good cause exists for extending the dispositive motions deadline only for a second time. As asserted previously (ECF No. 44), Defendants intend to move for summary judgment and raise important legal arguments such as whether Williams exhausted his administrative remedies and whether qualified immunity bars the claims against Defendants. Also, Defendants will argue that there exists no genuine dispute as to any material fact on any of Williams's claims. Defendants continue to assert that no constitutional violations occurred, thus Defendants are entitled to judgment as a matter of law. By extending the deadline by another forty-five days, neither Williams nor Defendants are under danger of prejudice; the delay is short and brought in good faith, and as

mentioned previously, Williams and his counsel also benefit from an extended period in which to draft and finalize a motion for summary judgment, assuming that is Williams's intention.

In addition to the arguments presented in their previous motion (ECF No. 44) for an extension, over the last couple of months the Public Safety Division of OAG has—what only can be described as—hemorrhaged attorneys and support staff. In that motion, Defendants informed the court that:

> Also compounding difficulties is the fact that the Public Safety Division of the Attorney General's Office has transitioned to a "team[] model,["] meaning that instead of each [DAG] having primary responsibility for his or her own cases, each DAG is organized into a specific team and has additional tasks assigned. Thus, Attorney Smith and others have had to familiarize themselves with many new cases and attend hearings at short notice, which involves last-minute preparation. Finally, the team in which Attorney Smith was placed has recently lost an attorney, as has another team, therefore the workload keeps increasing. Attorney Smith therefore respectfully asks this court to extend the dispositive motions deadline so that he can focus his attention on Williams's action and give it the attention that every lawsuit rightly deserves.

(ECF No. 44 at 4–5)

Since Defendants' previous motion to extend the dispositive motions deadline, OAG has lost even more attorneys, including both senior members of staff—team leaders—in the Las Vegas Office, and over half a dozen attorney vacancies require filling. In fact just yesterday, OAG advertised two senior DAG positions and one DAG position. Recruitment remains ongoing. The Public Safety Division of OAG had spent over two-months transitioning to a team model, meaning that instead of each DAG having primary responsibility for his or her own cases, that person was organized into a specific team and had tasks assigned by the senior/team leader. Thus, attorneys and others had to familiarize themselves with many new cases and attend hearings at short notice, which involved last-minute preparation.

In August alone, straight after he sat the Nevada Bar Exam, in an attempt to catch up with a mass of pending motions, responses, and the like, Attorney Smith billed 275 hours, and that decreased slightly in September to just over 240 hours. Attorney Smith's team lost several members and thus the workload kept increasing. Finally, because the

seniors—the team leaders—quit at short notice, the Division has had to urgently transition away from the team model, which is an ongoing process and has involved the reallocation of a large number of individual cases to attorneys—that has necessitated many DAGs receiving in excess of twenty-five new cases in addition to those with which they already have at least a modicum of experience and familiarity, and many of these have involved various counsel having to deal with last-minute discovery and dispositive motions deadlines that require counsel moving for extensions. Again, until the staffing issue is sorted, DAGs in this Division are working long and hard to deal with the increased workload and backlog, and that has resulted in not to be unexpected problems such as people taking sick leave etc.

  The reversion from the team to the individual case responsibility method has meant that for several weeks the individual calendars have been in disarray, with individual DAGs sometimes having to decipher three or four separate calendars to check their newly assigned cases and responsibilities. Inevitably, this has resulted in duplicative efforts and some other events falling through the cracks. Management, particularly the Division Chief, have worked long and hard to try and remedy the situation, which can only be improved with the recruitment of experienced attorneys, and training them up to scratch in this often complex field of law takes time.

  Also, both paralegals in the Las Vegas office have taken time off for surgery, and because of the team method, responsibility for discovery in over 800 separate cases has shifted back and forth with different support staff working on different aspects of the same case. Ensuing communication difficulties have made discovery extra hard.

  In sum, because of the transition to the team model, staff illness, a severe shortage of attorneys in the Division, the continual reallocation of cases and assignments, and the abrupt departure of both team leaders, uncertainty has reigned, and remaining attorneys are dealing with a much higher caseload—under greater time pressure and without the supervision of senior attorneys—than usual. There are only so many hours in a day that

one can work effectively, and attorneys must take into account their professional and ethical responsibilities too.

Defendants admit that OAG's staffing problems are not the responsibility and fault of either the court or Williams, but the staff shortage, recent departures, and the change from one method of work to a team model then back has had a very real impact on the huge number of cases—some 800 plus—that a small number of attorneys must deal with. Everyone in the Division works overtime in order to catch up with the backlog. The interests of justice demand that the court recognize this unique situation, and the court is already aware that this Division has high and frequent turnover along with frequent burnout of staff.

Thus, for the reasons outlined at length above, Defendants believe firmly that good cause exists for the granting of an extension, notwithstanding the fact that Her Honor previously stated that no further extensions will be granted. Defendants respectfully remind the court of its instructions in *Ahanchian*, 624 F.3d at 1258–1260 (holding that Rule 6(b) is to be liberally construed in accordance with Rule 1 to effectuate the general purpose of seeing that cases are tried on merits and to secure just, speedy, and inexpensive determination of every action and proceeding. Also, *Ahanchian* holds that good cause for extension is a "non-rigorous standard"; a request for an extension of time submitted before the expiration of the applicable deadline applicable *should normally be granted in the absence of bad faith or prejudice to adverse party*.).

As stated in their previous motion for an extension of time, both Williams and Defendants continue to diligently prosecute and defend this action, respectively. Attorney Smith works on behalf of the State and therefore has no control over his caseload, particularly at this time of constant and unexpected workplace transition, and Williams's counsel has graciously accepted this case on a *pro bono* basis.

In sum, for the reasons stated above and because no rushed work product is good work product, Attorney Smith needs additional time in order to adequately brief the court

for summary judgment in this action and to attend to his recently massively increased caseload due to the factors outlined above.

### D. The Four Factors Contained Within LR 26-3 Are Satisfied[3]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. Defendants have completed discovery in this action, and no further discovery is needed. The reasons why Defendants are unable to adhere to the dispositive motions deadline are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No discovery remains, but Defendants move to amend the current dispositive motions deadline by forty-five days.

### E. Meet and Confer

As mentioned above, on October 6, 2021, Attorney Smith contacted Attorney McKissick and outlined the reasons why Defendants need at least an additional forty-five days to extend the dispositive motions deadline. Attorney McKissick stated that Williams will not oppose this motion and understands Defendants' current dilemma.

## II. CONCLUSION

Defendants demonstrate good cause to extend the dispositive motions deadline to November 29, 2021. Williams does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, Defendants respectfully move for an extension of the dispositive motions deadline and request that the due date be extended from

---

[3] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, but because this motion seeks to extend a deadline established by a previous court order, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

**October 12, 2021**, to **November 29th, 2021**.

    DATED this 12th day of October, 2021.

                                      AARON D. FORD
                                      Attorney General

                                      By: /s/ Alexander J. Smith
                                         ALEXANDER J. SMITH (Bar No. 15484C)
                                         Deputy Attorney General

                                      *Attorneys for Defendants*

**ORDER**

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

DATED October 13, 2021

_____
UNITED STATES MAGISTRATE JUDGE